Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning everyone. This is Judge Wilson in Tampa, Judge Lagoa is in Miami, and Judge Hull is in Atlanta. And we have one case that's scheduled for oral argument this morning. It's United States of America v. Ruberman Chinchilla. And before we begin, I'd like to thank counsel for your cooperation with the court in accommodating this argument by telephone this morning. Thank you for your cooperation with Mr. Barrera, the Circuit Executive's office, and Mr. Robinson, who will serve as our courtroom deputy. Mr. Robinson is the timekeeper and he'll let you know how much time you have left. Before we begin, I can tell you that the panel has not previously conferred with regard to this appeal that we will hear this morning. But we have read the briefs and we've examined relevant parts of the record if that will assist you in confining your arguments to the issues on this appeal. So, having said that, I think we're all ready to begin. I understand Mr. Wu is on the line. Jason Wu is here for the government, who is the appellate in this case. Yes, good morning, Your Honor. Good morning. And Elan Barrett is here for Chinchilla. And Mr. Wu, are you ready to proceed? I am. Thank you, Your Honor. Good morning. May it please the Court, this is Jason Wu appearing on behalf of the United States. When Congress rewrote 18 U.S.C. section 1546 in 1986, it crafted plain language that covered a wide range of documents that served as evidence of authorized gay in this country. So, to put it simply, Congress made it illegal to possess false versions of official documents that a person could use to trick law enforcement or to hinder enforcement of the nation's criminal and immigration law. An order of supervision is just such a document, and that's why it fits within the plain language of the statute. The district court erred by ruling otherwise and dismissing the indictment, and we ask this Court to reverse that order. And I think the starting point and really the end point of this analysis is the language of section 1546A, and what that statute does is it makes it illegal to possess false or fraudulent versions of a number of documents. And let me quote the list of documents exactly. It's, quote, any immigrant or non-immigrant visa, permit, border crossing card, alien registration, receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, end quote. And, of course, we're relying on the final provision there, which is the other document clause, and that has – it boils down to two requirements. So, the document has to be, number one, prescribed by statute or regulation. That means – Mr. Wu, may I ask you a question? Of course. Obviously, the – Mr. Chinchilla's counsel is not arguing – they were not arguing that it's – the order is not a document, because no one's arguing it's not a document, and no one's arguing that it's not prescribed by statute or regulation. The issue is evidence of authorized stay is really, I think, the point or the argument that the other side is relying on. I have a question, because no one sort of raised this issue, but obviously when you interpret a statute, one of the things that you can rely on, obviously, other than the plain meaning of the language in the text, is you can resort to statutory tools of statutory construction, and one of those would be iestem generis, which is Latin for of the same kind. So, if there are – there is a list of things that are specific, and then a general term is included in that list, that implies that the general term relates to the specific items. So, obviously, other documents can only mean documents such as the ones that were specifically enumerated in the statute, which are documents that evidence the person's ability to be in the United States. Is an order supervision such a document? Yes, Your Honor. Thank you for bringing that up. Yes, I agree, and I believe our interpretation is completely consistent with iestem generis. You're right that conventionally when you fit with the earlier terminology in the list, and that's evidenced by cases such as Yates in the Supreme Court. Here, it does fit, the order of supervision does fit within the broad category that's indicated by the earlier items, because the earlier items are all documents, as we stated in our brief, that are generated by the immigration law regime or enforcement regime of our country. And an order of supervision is also a document generated by the immigration enforcement regime of this country, and it's also one that evidences or demonstrates that the bearer is entitled – or not entitled, but is currently allowed – permitted to remain in this country. And I agree, it's a different type of stay than the stays authorized by, for instance, a student visa or a work visa. Well, but an order of supervision is a document that serves as evidence of – it's a document, first of all, that's prescribed by regulation, because it's under the regs that that order of supervision is issued. But an order of supervision can only be issued after an alien is – after a final order of removal has been issued by an immigration judge, correct? Yes. Okay, and then – and then after, if there's a – if it's decided that, for whatever reason, the alien cannot be removed or the alien can remain in the country, an order of supervision then is prescribed by the regulation and is issued. Yes, correct. And that is then evidence of that alien's ability to stay – have a temporary stay in the country or in the community that they've been released into. Correct. And in many cases, it will be the only document they have that attests to their having gone through that entire procedure. Yes. And can the government – can the government remove an alien who has an order of supervision without having that order of supervision revoked? So, I think in terms of how the order of how that procedure would happen, the order would be revoked first, and then the person would be removed. But I want to be clear, the order – there's not any sort of additional process that's required to effectuate the cancellation of the order. The order is sort of at the grace of the Secretary of Homeland Security and as designated to the officials of DHS and ICE. And so, at any moment, if ICE realizes that removal can be effectuated, for instance, if the person, the bearer of the order, receives valid travel documentation to a country that we allow removal to, the order would simply be rescinded, and then the person would be removed. So, I don't think you would be removed while having a valid order of supervision, but it's just an order of operation question. That would just happen first. Mr. Wu, the other document, doesn't it have to be prescribed by statute or regulation for entry into or as evidence of an authorized stay or employment in the United States? It has to be prescribed by statute or regulation, right? Yes, it does. And our position is that – it directly prescribes orders of supervision as evidence of an authorized stay. Thank you, Judge Wilson. So, I want to be clear from the outset. There is no list of documents in the Federal Register, in the CFR, in statute. There's no comprehensive list that says A to X. These are all the documents that are evidence of authorized stay in the United States. To some extent, there are certain concepts in immigration law, like documents for entry or documents for registration. There are regulations that list, you know, have numbered or lettered lists of those types of documents. So, authorized stay is already sort of a different category than something like entry. So, with the absence of this kind of single express list that we can rely upon, our position is that you have to look at the statutes or regulations that provide or prescribe for the issuance of such documents and discern what the purpose of that document is. Can you state the answer to Judge Wilson's question to identify the statute or regulation that it's prescribed by? Yes. So, this document is prescribed by 8 U.S.C. 1231-A3, which provides that aliens who cannot be removed must be subject to supervision. And then the implementing regulations are 8 CFR 241.4 and 241.5 primarily, and also 241.13 to a secondary extent. And what, in particular, 241.5 prescribes or provides for the issuance of an order of supervision in cases where removal cannot be effectuated in a timely fashion. And our point is, if you look at those regulations and the statute, the only purpose of those regulations and statute is to create a documentary form that evidences the fact that the person is allowed to remain in the United States while we are attempting to effectuate their removal, or while we acknowledge that their removal cannot be effected because it's simply impossible. Am I reading 1231-A3 differently? Because the way I read it, it merely states that if an individual is not removed by the end of the 90-day removal period, they, quote, shall be subject to supervision under regulations prescribed by the Attorney General, close quote. And then it lists the requirements for orders of supervision. And then the regulation, section 241.5, lists the requirements for orders of supervision. So, I mean, the way I read it, neither the statute nor the regulations, the implementing regulations, state that orders of supervision confer any benefits or that they need to be put away to rest. Am I wrong about that? You're not wrong that that's the language of the statute, but my point is that that's the purpose of the statute. In other words, that document is the only document that's generated and given to a legitimate person holding this, who belongs in this situation. And so that's the document they would bring to see their immigration officer. Is that the document, and you can correct me if I'm wrong, but my understanding is, assuming this is a legal process here, an alien who is subject to removal and now has been ordered removed by an immigration judge, if the removal does not happen within 90 days and they're determined that they can be released or they can have a stay pending removal, and it's a temporary stay, the document that's prescribed by statute or regulation as evidence of their ability to stay pending removal, is that order of supervision? Yes, precisely. There's nothing else they're given. There's no sort of ID card. There's no analog to a green card. There's not a red card or anything that says they belong in this situation. But the order of supervision is the document that authorizes the temporary stay of that alien in the country. Yes, exactly. It reflects that they have been allowed to remain in the country pending removal. So, yes, exactly. It is the evidence of that peculiar form of permitted stay. I mean, if the order of supervision didn't have any value, then no one would be paying $3,000 for a fraudulent one. Exactly correct, Judge Logeva. And I see my time is up, so I respectfully reserve the remainder of argument for rebuttal unless the panel has any further questions. Nope. We'll hear from Mr. Barat. Thank you very much. Thank you, Mr. Wu. Good morning. This is Delon Barrett. May it please the court. Can everybody hear me? Yes, thank you. Good morning, Your Honor. First, I would like to address a point raised by Mr. Wu, which regarding to, I think it's just a misstatement of the fact what is an order of supervision. An order of supervision doesn't give the alien any right to stay here. It is exactly what it stated is. It's an order of supervision. It said the terms under which the person can be at large. Hypothetically speaking, if you have two respondents that are order removed on a certain date, they're each going to be removed, let's say, in a month. One remains in custody, and the other one is being allowed to be at large. The order of supervision doesn't even allow the person to be one more minute than the other. Everything it does is allow the person not to be in custody. And if you look at all the other documents that are... But, Mr. Counsel, that's not necessarily true, because when you look at the order of supervision, it allows you, gives you permission to travel, assuming that that's marked off on the order of supervision. I mean, the point of the order of supervision is that they've gone through the factors that's in the CFR and the regulation and determined that this alien has the ability to remain at large in the community. Exactly, Your Honor. Remain at large, not remain here. The fact is that the first... But the language of the statute at issue here says evidence of authorized stay. And when you look and you construe a statute, you have to give the statute its original and plain meaning. If the statute doesn't have any technical term, you have to give plain and ordinary meanings to the terms used in the statute. And an authorized stay, the definition of stay in this context is a temporary stay. That's what a stay means. It's temporary. Correct, Your Honor. But it doesn't allow you to stay here. In fact, a person in custody may stay here longer than a person that is issued an order of supervision. Sometimes an order of supervision is given to a person to get a passport so we can just, you know, they can deport him because they need a travel document. But again, but we're looking at the statute here. So evidence of authorized stay. The question is, if you have a document, what is the document that shows evidence of an alien being removed? What would that document be? What would that document be, counsel? Can you answer? What would that document be? A stay of deportation. You can get a stay of deportation. What document would show that an alien who has been ordered removed is allowed to stay? An immigration judge's ordering is a stay of deportation. An immigration judge can order a stay of deportation for various reasons, whether it's an appeal, whether there is a motion pending. So an immigration judge... Does an order of supervision, is that a document that shows or evidences that an alien is authorized to stay temporarily in the country pending removal? No, Your Honor. It doesn't. It is not. Why not? It is not. Because it can be removed at any time without revoking the order of supervision. There is no process of revoking the order of supervision. Okay, but a visa can also be revoked at any time, correct? Correct. But a visa is a time. It has expiration date. It has... Okay, but there is nothing in the statute that has any temporal limitation. There is no language that uses temporal limitation in the statute. But an order of supervision doesn't give you any... We don't read additional language into a statute that Congress did not put in. Your Honor, we have to read what is an order of supervision. An order of supervision is in the regulation. And if you look at what it states, it doesn't have any time element. Okay. It doesn't affect... The government in its brief, they give an aquastatic... Does an alien registration receipt card have a temporal limitation? It has a date, of course. An alien card will have an expiration date. It will have a date. An order of supervision, basically, if you look at what an order of supervision form 220B says, you've been order removed. Actually, it's a document that's showing that you have no right to be here. And the only thing, it states that you can be at large, which means you don't have to be in custody. You still have to leave, and they can still send you away any day. It's just an administrative tool to allow a person not to be in custody. It doesn't change the right to be here. It doesn't grant you even one more minute than any other person that is illegal here. You agree, though, that there are people who have orders of supervision who have the right to work, that they've been given permission to work, and that they've been here for years, correct, under those orders of supervision? An order of supervision doesn't allow you... Counselor, do you concede that there are people, there are people who are in the United States currently with orders of supervision who are valid, who have been here for years, and who are currently employed legally? You will have to apply for a work authorization. You cannot work with an order of supervision. An order of supervision doesn't allow you to work. If you are under an order of supervision, you can apply with USCIS and apply for a work authorization card, form I-765, and if granted, then you can work. You cannot work with an order of supervision. That is not a work authorization. I understand, Counselor, that it doesn't give you the right to work, but that there are individuals, my question was, there are individuals who have orders of supervision who have been in this country for years with an order of supervision. Yes, but that's because the government cannot deport them, because whether they're Cubans and the government will not accept them, they're still illegal here. They still have no right to stay here. The fact that they're still here because we cannot send them away doesn't make them legal here and doesn't make them... it's not a document show proof of authorized stay. Their stay is still not authorized. The fact that they're still here is just a question of the inability to send them away, but that doesn't make their stay authorized. They're still not authorized to be here. You can be not... I mean, right now we have a situation in the country where people cannot fly anywhere. Now, it doesn't mean they have authorization to stay here. It just means that right now that, you know, there is no flights or they just cannot leave. Their stay doesn't become authorized just because they're here. That's a factual issue. An order of supervision doesn't make your stay authorized. It means that you're not in custody, and you're not in custody because, you know, the government either working on actively removing you or because, you know, there is no place that they can send you to, but your stay is not authorized. Unlike a green card or a visa or other document which makes your stay authorized here, order of supervision does not change the fact that you're still illegal here and you have no authorization to stay here. It's just the rules under which you cannot be in custody, but your stay is absolutely not authorized. You have a final order of deportation. ICE, by way of... It's an enforcement agency. They don't even have the authority to issue an authorization to anybody to stay here. That would put ICE above the immigration judge. Immigration judge says, okay, that's the final order you removed. That's the final order. You can appeal to the Board of Immigration and Appeal. ICE has to execute the order. Now, if they cannot do it for various reasons, and they don't want to keep you in custody indefinitely, then they're just giving you an order. And if you look at the order itself, it doesn't state, and even the regulation under which it's been issued, it doesn't say it's a condition of release. Now, if words have to be given the ordinary and simple meanings, we need to interpret what is the order of supervision, if that's what it is. It's a supervision. It's not authorized stay. There is nothing in HCFR 241.5 that talks about a time frame. The only thing it states, and if we read it, it says condition of release after removal period. And it just says what it should state. One, the LN report to specify officer periodically requires that the LN continue to effort to obtain travel documents to assist the service in obtaining a travel document. And basically, it doesn't say how long it will be. It doesn't say that the LN can be here. The stay is not authorized. The only thing that is authorized is for you not to be in custody. And they don't have to, and they're specifically telling you, actually, you have to work with us so you can go back home as soon as possible. And many times, an order of supervision is issued for somebody to go and obtain a passport, and they're telling the LN, go get a passport, and as soon as you get the passport, we're sending you away. And that's the purpose of an order of supervision. It's not another document. And the section 1546, the addition of the word other document prescribed by statute of regulation is proof of authorized stay. It's a limiting language. It doesn't mean any document prescribed by statute of regulation. Otherwise, Congress could just state other immigration documents prescribed by statute of regulation. Congress specifically added the phrase as proof of authorized stay, and that means something. And an order of supervision and the regulation under which it's issued, which is 241.5, doesn't have any extension or even temporary extension of stay, unlike all the other documents that are listed in states, like a re-entry permit, a visa, a green card, all those documents have a specific purpose, and they allow the person to stay. Yes, it can always be revoked. Even a green card, a lawful permanent resident can still be deported if you commit certain crimes. But something needs to be done for the green card to be taken away. A person with a final order of deportation, nothing needs to happen for him to be put on a plane and sent back home. And that's the difference between an order of supervision and other documents that give you status here. Even a tourist visa. Yes, it's temporary, but it gives you a time. You can be here for three months. You can be here for four months. You can be here for a day. Order of supervision states you cannot be here. Your stay is not authorized, but we will let you be at large while we are actively pursuing your removal from the United States. It sounds like you're relying on the, your best argument is the plain language of the statute itself, that in order of supervision, there's nothing in that statute 1231 that says that this document is evidence that you can stay in the United States. Is that your argument? Your Honor, first of all, yes. Nothing in the statute, nothing in the regulations remaining. Okay. 1231, there's nothing in there that says this, this order, an order of supervision, constitutes evidence of your authorization to stay in the United States. Is that the argument that you're making? The statute doesn't make it. Also, the regulation 241.5 doesn't state anything. And the order itself, the actual documents, doesn't state that you can stay here in the United States. Actually, it states that you can't stay in the United States. Supervision is supervision. Stay is stay. I mean, it's not the same. All right. Does that complete your argument, Mr. Barrett? If you need additional time, I'll give it to you. I just want to clarify, Your Honor, one more point, which maybe I said it before. I just want to give an hypothetical why a document that has no effect of the amount of time, any document that is proof of authorized stay should have some effect on the time that a person can be in this country, even if it's for a temporary period. And as I said before, an order of supervision has zero effect on the time a person can be in the United States. It doesn't change anything. It doesn't change the status here. And as I said, if you have two people that are being ordered removed, one in custody, one is being let out to get a passport or to be at large under certain conditions, the question is, does the person that is in custody will be removed before the person that is not in custody? Does the document give any benefit of time, stay, to the person that is... I don't think your time is expired. And the answer is no, Your Honor. The person in custody can actually be removed after the person that is under order of supervision. And a document that has no effect on the time is it cannot be a document that shows proof of authorized stay. All right. Thank you, Counsel. And Mr. Wu, you've reserved some time for rebuttal. Thank you, Judge Wilson. This is Jason Wu for the U.S. So I'm going to quickly, I'd like to clarify a few factual disputes or disputes about what these laws and regulations provide for. And then I'd like to close with, hopefully, a helpful metaphor or analogy for the situation. So the first point is, Mr. Barrett suggested on behalf of Mr. Chinchilla that there's no sort of procedure for revoking these orders of supervision or nothing needs to be done to them before a person is removed. However, looking at 8 CFR 241.4 subsection L, and within that .2, there's actually specific provision for how these release orders can be revoked. And in particular, it says release may be revoked in the exercise of discretion when, in the opinion of the revoking official, sub Roman small three, it is appropriate to enforce a removal order or to commence removal proceedings against the alien. So this goes back to one of my answers to Judge Legault's questions. As a practical matter, this document, which is evidence that the person is allowed to remain in the country, is revoked before they are removed, assuming that removal becomes feasible at some point during their period of supervision. The second point, and related one, is this argument regarding how the document has no temporal limitation. I think in the first place, that's not a requirement of the statute. The statute does not say a document providing evidence of definite authorized stay or a circumscribed period of authorized stay. So I think indefinite or temporary periods of authorized stay fit perfectly within the defined end date. However, even as a factual matter, these orders of supervision come with some definite end date. So that's not, it doesn't mean that the alien is entitled, guaranteed to be in the country until that date, but that is the date at which the document itself expires. So in that sense, it is very similar to a visa. And as the record shows below, we have a declaration from an ICE official who says that an authorized stay period of one year, that's Docket Entry 53-1, page 2. And even if you look at Mr. Chinchilla's fraudulent orders of supervision, which are on the record at Docket Entry 46-1 and 46-2, you'll see in the final page, that's his identifying page, there's a line that says something like, he has reported on August 28, 2018, and then there's a notation, NRD 828, 2019. That mirrors what's in ordinary legitimate orders of supervision. The NRD means next reporting date. In other words, the date at which he would have to come back, present himself to an ICE official again, that order would end. And then he wouldn't, if he's still going to remain in the country, he would be issued another one for a period of another year. So as a practical matter, these do actually. I apologize, I did not hear that. Well, we're going to give you a little time because this is, I'm a little concerned here. In order of supervision, Mr. Barrett says, is evidence that you're not authorized to stay in the United States. What do you have to say about that argument? Yes, so I say that conflates the idea that the alien or the person, the bearer, has no legal status, which I think we all agree with. A person under a legitimate order of supervision has been ordered removed. So they have no legal status in the country. They should not be in the country. However, that conflates the idea of legal status with whether they're temporarily being allowed to stay here. In other words, whether they're authorized to stay here pending removal, pending the feasibility of removal. And the latter concept, to me, is a broader concept. And the language that Congress chose to use in 1546A implies that they meant the broader concept, meaning that any sort of allowance to stay in the country, even if it's not a legal status, suffices under the statute. And this is why I wanted to bring up an analogy. I hope this is helpful. Let me ask you before your analogy. Are there statutes or regulations that identify documents that indicate that you're authorized to stay in the United States? That specifically state that this is a document that identifies an immigrant's ability to stay in the United States? Are there statutes or regulations that identify those documents? So, Your Honor, there's no single regulation that provides an express list of authorized stay documents. Let me ask you this, then. Are there immigration documents that specifically state that you're authorized to stay in the United States? I don't believe there are documents that use that exact language. Now, as a practical matter, if we see a person's green card or some type of immigrant or non-immigrant visa, there will be a date. And so the implication, the sort of purpose that you draw from seeing that document and your understanding of its purpose in the larger legal scheme is this is the period in which the person is allowed to stay. But I do not think if you look at a card, a green card, or even any of these other documents, none of them have on their face a box that says authorized stay period and then a range of dates. I mean, authorized stay is not a legal term of art. I mean, it's not a technical term that's being used. It's not like lawful status, which has a certain meaning, technical meaning, in immigration language or immigration text. Precisely, Judge Wigawa. And to answer Judge Wilson's concern, if I could, there is, if you look at the larger legal scheme, even outside of immigration law, for instance, the social security regulations, there is a provision in the regulations that expressly says that aliens residing in the United States under orders of supervision, it defines them as, quote-unquote, aliens who are permanently residing in the United States under color of law for the purposes of social or supplemental security income. So that just goes to show even in other contexts, this document, the order of supervision, is evidence that the person in the parlance of the SSA is permanently residing in the United States under color of law. I had a question about that. Who has an order of supervision can apply for federal benefits, such as SSI, if it's a valid order of supervision. Is that correct? Correct, Judge Hall. And that's why I want to stress this. So this gives them at least, I don't know what to call it, authorized, I don't know It allows them to apply to work under another regulation. It allows them to apply for SSI. Yes. Yes, exactly correct. If they get this order of supervision, what else does it empower them or help them do? Thank you, Judge Hall. So, yes, a number of things. So first of all, SSI benefits, that's under 20 CFR section 416.1618. And it allows them to apply for an authorization to work. That's also under 8 CFR 241.5. And then if they get the authorization to work, they also are entitled to receive public health benefits under the Affordable Care Act. And that's provided under 45 EFR 152.2. And so I do want to make clear for that, it's not just the order of supervision alone. It has to be order of supervision plus work authorization. And so Mr. Chinchilla, in this case, was not fraudulently creating a work authorization. I just want to be clear about that. Is there anything you can apply for just with an order of supervision without obtaining some other type of authorization? The way I read the regulation in the Social Security context, you only need the order of supervision. I don't think it requires the work authorization. If anything, if you think about it, the purpose would be more consistent, right? If you have an order of supervision and no ability to work, that is kind of what would give you a greater need to have supplemental security income. So I think that's why that regulation only requires the order of supervision. In order to decide the case, this is Judge Wilson, we have to interpret the statute, Section 1546A. If I accept the government's argument, don't I have to disregard the language in the statute as prescribed by statute or regulation? No, Your Honor. And here's why. Our interpretation is that prescribed by statute or regulation means that, first of all, the document is an official document. In other words, it's not an ad hoc document. And this is an official document. It's regularly issued. It's provided for by a specific regulation. And then more... An order of supervision, I'm sorry, Mr. Wu. An order of supervision is only prescribed by... It only is done based on the regulation that says this document now is going to be produced by the government based on that regulation. Yes, ACFR 241.5. And moreover, the practical effect and the only purpose of issuing that document is to serve as evidence that the person is allowed to remain here and be at liberty. And that's why I say, for instance, if you went into a Social Security office and said, I want to apply for SSI benefits, they would ask you, okay, what document do you have? How can you prove to us that you're allowed to be here, that you are an alien permanently residing in the United States? And a legitimate bearer would pull out their order of supervision and show it to the clerk, and that would be their proof, their evidence of authorized stay. They wouldn't have any other document because they're not a person on a green card or they don't have an immigrant visa, et cetera. That is the one document they have. And it's the same if they got pulled over by a cop on the street. Mr. Wu, can I ask you... I'm sorry. Go ahead, Judge Wilson. I'm sorry. I apologize. Well, just on that last point, I guess my concern is if that's what Congress meant, they could have left out all this language, other document prescribed by statute or regulation. But there's got to be a meaning for that language in the statute. Otherwise, that's what... I mean, it seems like what we're doing is we're deciding this case based on what Congress meant but not what it said. Well, may I... This was my question, my follow-up question. Under the doctrine of, and you said it much better than I did, Mr. Wu, ejustem generis, okay, that use of the word other document prescribed by statute or regulation obviously is part of the same group that is the specific group of visa permit, border crossing, alien registration cards. I mean, obviously, those are separate and apart from other documents. But the other document means it has to be a similar document but it's prescribed by statute because obviously Congress is saying maybe we're going to do other documents. We're not going to do an all-inclusive list. So we're going to include this tool of statutory construction so that when a court gets it or a lawyer has it, they can know what it means. Is that incorrect? Exactly, Judge Lugovic. Yes, that's correct. And to address Judge Wilson's concern, that language does still do work, significant work, even in the government's interpretation of the statute, because we need the document to be an official document that's issued, as Judge Lugovic points out, in a similar fashion or by a similar type of institution to the other documents on the list. So it has to be prescribed by specific statutes or regulations. It has to be coming out of the immigration regime of the country. And it has to be something that's official and regularly issued, not an ad hoc document. So as a counterexample, for instance, imagine I had a court transcript. And in the court transcript, a government officer answers a line of questioning and says, oh, yes, Mr. Wu is a United States citizen, so of course he's allowed to remain in this country. That is a document, and it is evidence of my authorized stay in this country. But no one would say that testimony in a random proceeding is an official document prescribed by statute or regulation that's akin to a visa or a crossing card or an alien registration receipt card. This document is much closer. It fits within that category, because it's issued by the same authority. It has an identification page. It looks like an identification document. And its purpose, and its only purpose, is to be proof, when the bearer holds it, to be proof that they're allowed to be here. And I can see that it's different because it's a temporary stay, but that, at least that, does not have significance, or that does not pull it out of the language of the statute. Isn't that the point, though, of the fact that it's temporary is why it is applicable, because the definition of stay in this context, because obviously you could have the governor issue a state of execution. But in this context, the stay means it's a temporary residence. Exactly, Your Honor. I agree with that. If the panel has no further questions, I'll spare this group the analogy that I was going to draw, because it's clear that I think the court understands our argument. We can hear your analogy. I'm curious. Okay. Well, in that case, so I was going to analogize it to say, imagine the statute says, authorize you to stay in my home. There's going to be a few different ways in which you could be authorized to stay at my house. One is I send you a formal invitation or an email that says, please come to dinner at my house. You are my guest, or stay overnight. But the other way is imagine a traveling salesman comes to my home, and then a huge rainstorm breaks out, or even a hurricane that could last a few days. And out of kindness, although I don't necessarily want that person to be there and I didn't invite them myself, I say, okay, now you're allowed to stay until the storm passes. That last example is akin to what an order of supervision is. It's a person that we did not invite. We do not necessarily, we did not intend for them to be in our country. And we may even want them to leave our country. But as a practical matter, that cannot happen right now. And for humanitarian reasons, we're not going to send the person out into the storm. The permission for them to stay here is not a permanent one. It does not have a definite term. It's just until the end of this emergency situation, this exigency. But nonetheless, it's a form in which they're allowed to stay at my house. And that's exactly what we have with an order of supervision in the statute. It's a temporary allowance for the person to remain here until their removal can be effectuated. And for that reason, we respectfully ask this court to reverse the judgment of the district court, or the order of the district court dismissing this indictment. Thank you very much to everyone for your attention. And of course, for the technological accommodation to do this argument remotely. We very much appreciate it. Well, thank you, Mr. Wu. And thank you, Mr. Barrett. The case was well argued. And we will take the matter under advisement. That completes this docket. And the court is adjourned. Your Honor? Yes. May I just say one more thing? Well, you're not really authorized to conduct a re-rebuttal. We have the briefs, and we've heard the arguments. And so I'm not sure that would be fair to the government. The government gets the last word. So we'll take the matter under advisement, Mr. Barrett. I appreciate it. And thank you for your argument. Thank you, Your Honor. And thank you all. Be safe. Okay. Thank you. Thank you. Court is adjourned.